UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAQUELLA CROSS, ISABELLA
DESTEFANO, and KAITLYN
STEFFLER, individually and on
behalf of all others similarly situated,

      Plaintiffs,

                            CASE NO. 1:18-CV-276

v.

                            HON. ROBERT J. JONKER

HOTS, INC., d/b/a VEGAS STRIP
GENTLEMAN'S CLUB, et al.

      Defendants.
_____/

## **ORDER**

        This matter comes before the Court for review of the parties' class and collective action settlement.  On October 10, 2019, Plaintiffs moved for preliminary approval of the class action settlement by way of consent motion.  (ECF No. 25).  The parties were heard on the motion at the time originally set aside for a scheduling conference, on November 19, 2019.  (ECF Nos. 30, 32).  Following the hearing, the parties submitted a revised proposed Release and Settlement Agreement (ECF No. 34-1) on December 17, 2018.  Following an Order (ECF No. 35) the parties finalized and filed a fully executed Release and Settlement Agreement (ECF Nos. 36-1 *et seq*., the "Settlement Agreement") on February 7, 2019.

        A hearing on the Settlement Agreement was held on March 18, 2019.  (ECF Nos. 37, 39).  On March 21, 2019, the Court issued an Opinion and Order (ECF No. 38) preliminarily certifying Plaintiffs' state law claims to proceed on a class basis under Rule 23 and Plaintiffs' Fair Labor

Standards Act ("FLSA") claims to proceed as a collective action under 29 U.S.C. § 216(b), thus allowing notice to be issued to the class. The Court certified a class defined as:

> **All entertainers who performed at Hots, Inc. d/b/a Vegas Strip Gentlemen's Club during the period of March 14, 2015 through the present.**

Notice was issued through a third party administrator. On April 17, 2019, the class administrator issued notice to the 254 class member for whom an address was provided. (ECF No. 44-1, ¶ 5). Skip traces were performed on 59 individuals and notice was resent within seven (7) days of the addresses being provided. (*Id*. at ¶¶ 6-7).

The approved class notice was also posted at a prominent location on the premises of Defendant Hots, Inc., on April 20, 2019. (ECF No. 40-2, ¶ 5).

The class administrator received "cash election forms" from 34 individuals who thereby opted into the FLSA collective and remained in the Rule 23 Class. (ECF no. 44-1, ¶ 9). No class members opted out of the settlement. (*Id*. at ¶ 10). Thus, including the plaintiffs, 37 of the 273 potential class members opted into the FLSA component of the settlement and no class member opted out of the Rule 23 component of the settlement.

Michigan Attorney General Dana Nessel received notice of the preliminarily approved settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*. and filed objections to the settlement. (ECF No. 41). Defendants filed a thorough response (ECF No. 45) to the objections. Plaintiffs also filed a memorandum (ECF No. 44) in support of the final approval of the settlement.

In accordance with the preliminary approval order, on July 29, 2019 the Court conducted a fairness hearing. (ECF No. 46). Plaintiffs and Defendants appeared through counsel. The Michigan Attorney General did not appear. No other objectors appeared at the hearing.

For the reasons articulated on the record at the July 29, 2019 fairness hearing, the Court approved the parties' settlement set forth in the Settlement Agreement. The Court incorporates the bench ruling in full. Wherefore, it is hereby **ORDERED** as follows:

A. The Settlement Agreement (ECF Nos. 36-11 *et seq*.) is **APPROVED** as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e);

B. The objections (ECF No. 41) are **OVERRULED;**

C. Class counsel and the class representatives adequately represent the class;

D. Within 28 days of this Order, Plaintiffs shall move the court for an award of costs and attorney fees not to exceed Thirty Thousand Dollars ($30,000.00) from the Cash Pool and Fifteen Thousand Dollars ($15,000.00) from the Secondary Pool. Payment of such attorney fees shall be contingent upon and not paid until at least seven (7) days after the Settlement Agreement becomes "Final" within the meaning of Section 3.35 thereof;

E. The enhancement payments totaling Seven Thousand Five Hundred Dollars ($7,500.00) for each of the three Plaintiffs (with a combined total of Twenty-Two Thousand Five Hundred Dollars ($22,500)) are hereby **APPROVED**;

F. The Settlement Agreement is hereby incorporated by reference into this Order and the parties, including the Settlement Class Members, shall conform themselves thereto;

G. The case is **DISMISSED WITH PREJUDICE** and without an award of costs or attorney fees, except those provided by the Settlement Agreement and approved by the Court; and

H. The Court retains jurisdiction to resolve any disputes regarding the administration of the Settlement Agreement and distribution of the settlement funds.

Dated:  September 30, 2019         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th Day of August, 2019, I filed the forgoing document with the United States District Court for the Western District of Michigan by way of the Court's CM/ECF system, thereby causing service upon all counsels of record by operation of the CM/ECF system.

                                              */s/ Matthew J. Hoffer*
                                   **SHAFER & ASSOCIATES, P. C.**